NELSON E. JESMER *vs.* CHARLES H. RINES.

November 28, 1887.

37 447
41 406
37 477
77 208

**Sale of Logs—Construction of Executory Written Contract.**—A contract of sale of all the logs at D. bearing a designated mark, the vendee to pay a specified sum per 1,000 feet "for 273,840 feet, more or less, scaled in the boom of M. & R. at P.," construed as providing that the quantity of the logs, supposed to be about 273,840 feet, should be determined by the scaling of the same at P., and that the aggregate price should be determined thereby.

**Same—Performance.**—In an action by the vendor to recover the price, *held* that, in the absence of any averment or proof of a scaling of the logs at P., or that the contract had been changed, or that the provisions for such scaling had been dispensed with in any manner, the plaintiff could not recover.

Appeal by plaintiff from an order of the district court for Mille Lacs county, *Collins,* J., presiding, refusing a new trial.

*Taylor & Stewart,* for appellant.

*Bruckart & Reynolds,* for respondent.

DICKINSON, J. The complaint alleges the sale and delivery to the defendant of 281,020 feet of logs, at the agreed price of six dollars per 1,000, for the amount of which, less $610.60 paid, a recovery is demanded. The answer denies the sale and delivery of any logs in excess of 121,130 feet. It further alleges that this purchase and sale was under a contract by which the plaintiff sold and conveyed said logs, to wit, 121,130 feet, scaled in the boom of Mudgett & Rines, (this defendant,) for which defendant agreed to pay six dollars per 1,000 feet, according to said scale; that plaintiff under this contract delivered that quantity and no more in said boom; and that the same were scaled in said boom at that number of feet. The reply simply denies the new matter averred in the answer. Upon the trial, the plaintiff introduced in evidence a written instrument as the agreement of the parties respecting these logs, whereby the plaintiff, in terms, sold and conveyed to the defendant "all those logs now in the Dunham boom, * * * marked J R O O;" in consideration of

which the defendant agreed to pay at the rate of six dollars per 1,000 feet "for 273,840 feet, more or less, scaled in the boom of the parties of the first part, (Mudgett & Rines,) at Princeton." This was a different boom from that designated as the Dunham boom. It appeared from the evidence that the logs in question were in the Dunham boom when this contract was made; that the logs were delivered to the defendant at the Dunham boom, and were thereafter taken from that place by the defendant. The plaintiff also offered some evidence showing a scaling of logs claimed to be the same here in controversy, before the making of the above contract, and before they had been brought down the stream to the Dunham boom, and that the quantity so scaled was 273,840 feet. It did not appear, except as admitted by the answer, that any of the logs had been scaled in the boom of Mudgett & Rines, nor was there any averment or proof of any fact going to excuse or dispense with that.

The plaintiff having rested, the court dismissed the action, but afterwards, upon attention being called to the fact that, upon the admissions of the answer, the plaintiff was entitled to recover $116.18, with interest, the court made an order granting a new trial, unless the defendant should stipulate that judgment might be entered for that sum, with costs, but refusing a new trial if that condition should be complied with. Such a stipulation was made, and the plaintiff appealed from that order, as an order refusing a new trial.

The effect of the contract, in connection with the fact of delivery at the Dunham boom, was this: The plaintiff sold and conveyed to the defendant all of the logs bearing the designated mark in that boom. The amount, estimated or supposed to be about 273,840 feet, was to be definitely determined by the scaling of the logs in the boom of Mudgett & Rines, at Princeton; and the defendant was to pay for the property at the rate of six dollars per 1,000 feet as determined by such scaling. In the absence of any allegation or proof that the terms of this contract had been changed by the agreement of the parties, or of anything avoiding the effect of the provision of the contract respecting the scaling of the logs in the boom of Mudgett & Rines, the plaintiff could recover only for logs shown or admitted to have been scaled at that place. The parties might stipulate upon

that manner of determining the quantity, and the plaintiff was bound by that agreement, unless it had been in some way changed, or the specified means of determining the quantity dispensed with.

The court therefore was right in excluding evidence offered to show the quantity of logs bearing this mark, before they had been driven down the stream to the Dunham boom; and that all of such logs had been thus brought down. Nor, upon the case, was the plaintiff entitled to recover except for logs the quantity of which had been determined as prescribed by the contract. Such a recovery may be had upon the stipulation of the defendant, and there is no reason why a new trial should be granted.

Order affirmed.