BENJAMIN F. NELSON and Others v. CHARLES BETCHER LUMBER
COMPANY.[1]

February 13, 1903.

Nos. 13,272—(247).

**Arbitration—Award.**

As a general rule, by the submission of a dispute or controversy to arbitration, the parties are deemed to intend the award of the arbitrator to be final and conclusive, whether they expressly so agree or not; but this rule applies more particularly to disputes and controversies in the determination of which the arbitrator exercises both ministerial and judicial functions, and not to cases involving the exercise of ministerial acts alone, such as valuations, calculations, and measurements. As to the latter the decision of the arbitrator is not final or conclusive unless the agreement of submission contains a stipulation to that effect, or an intention to be conclusively bound is fairly inferable therefrom.

**Log Scale.**

Defendant bought of plaintiffs a quantity of pine saw logs, then in the Mississippi river at Minneapolis, and the parties agreed that the same should be scaled and measured by the surveyor general at the St. Paul boom. There was no stipulation that the scale made by him should be final and conclusive, nor can it be fairly inferred from the agreement between them that the parties intended to be conclusively bound thereby. It is *held* that the scale made by the surveyor general was prima facie evidence only of its correctness, and was subject to impeachment for mistake without a showing of fraud or bad faith.

Action in the district court for Goodhue county to recover $4,135.65 and interest, for saw logs sold and delivered to defendant. The case was tried before Williston, J., who found in favor of plaintiff. From an order granting a motion for a new trial, plaintiffs appealed. Affirmed.

*Wilson & Vanderlip*, for appellants.

Proofs cannot go beyond the averments of the pleadings. It has been expressly held by this court that an answer assailing a scale bill for fraud will not permit proof of mistake. Leighton v. Grant, 20 Minn. 298 (345). How, then, can proof be received of either

[1] Reported in 93 N. W. 661.

fraud or mistake, where the accuracy of the scale bill is not questioned in the pleadings? In this case it was necessary for the defendant to allege, as well as to prove, that it was relieved from the obligation of the original contract making the boom scale the criterion of its liability, either by a subsequent contract, or by such conduct on the part of the plaintiffs as would estop them from insisting upon the enforcement of the original contract. Johnson v. Howard, 20 Minn. 322 (370); Michaud v. McGregor, 61 Minn. 198, 203; Potter v. Holmes, 65 Minn. 377, 380; Jesmer v. Rines, 37 Minn. 477. The boom scale was conclusive upon the parties. The scaling of logs and lumber is always and wholly a matter of estimate, and is necessarily dependent upon the individual judgment of the scaler. This is recognized and required by the statute, G. S. 1894, § 2398, and by the courts, Robinson v. Fiske, 25 Me. 401.

It is impossible that a survey, made by certain scalers at Red Wing, of logs which have been towed down the river from St. Paul, can be competent to impeach a scale made at St. Paul by other scalers, unless the defendant should first, by clear, competent, and satisfactory evidence, prove that gross inaccuracy existed in the St. Paul scale. Vega Steamship Co. v. Consolidated Ele. Co., 75 Minn. 308; Morrison v. Porter, 35 Minn. 425; Minneapolis, St. P. & S. S. M. Ry. Co. v. Chisholm, 55 Minn. 374; Hubbard Specialty Mnfg. Co. v. Minneapolis W. D. Co., 47 Minn. 393, 395.

The boom scale was conclusive upon both parties by the terms of their contract. Boyle v. Musser-Sauntry L., L. & Mnfg. Co., 77 Minn. 206; Leighton v. Grant, supra; Johnson v. Howard, supra; Trainor v. Worman, 33 Minn. 484; Jesmer v. Rines, supra; Itasca Lumber Co. v. Gale, 62 Minn. 356; St. Paul & N. P. Ry. Co. v. Bradbury, 42 Minn. 222; Langdon v. Northfield, 42 Minn. 464; McAvoy v. Long, 13 Ill. 147; Wallace v. Curtiss, 36 Ill. 156; Oakes v. Moore, 24 Me. 214; Robinson v. Fiske, 25 Me. 401; Lynn v. Baltimore, 60 Md. 404; Palmer v. Clarke, 106 Mass. 373. The fact that the contract between the parties did not provide in express terms that the determination of the scale should be final and conclusive, is immaterial. Mansfield v. Veeder, 17 Ohio, 385; Mitchell v. Kavanagh, 38 Iowa, 286; Robbins v. Clark, 129 Mass.

145; Alexander v. Robertson, 86 Tex. 511; Rens v. City, 73 Mich. 237; McAvoy v. Long, supra; Wallace v. Curtiss, supra; Chapman v. Kansas City, 114 Mo. 542.

The boom scale can only be impeached for fraud or such gross mistake as implies bad faith or a failure to exercise an honest judgment. Shaw v. First Baptist Church, 44 Minn. 22; St. Paul & N. P. Ry. Co. v. Bradbury, supra; Langdon v. Northfield, supra; Trainor v. Worman, supra; Potter v. Holmes, supra; Elliott v. Missouri, 74 Fed. 707; Chicago, S. F. & C. R. Co. v. Price, 138 U. S. 185, 195; Hot Springs v. Maher, 48 Ark. 522; Chism v. Schipper, 51 N. J. L. 1; Vega Steamship Co. v. Consolidated Ele. Co., supra. However unfair or oppressive the terms of the contract might prove in operation, yet it cannot be evaded or disregarded unless for fraud clearly proved. Snell v. Brown, 71 Ill. 133. See to the same effect Ogden v. U. S., 60 Fed. 725; Pauly Jail Bldg. & Mnfg. Co. v. Hemphill Co., 62 Fed. 704; Newman v. U. S., 81 Fed. 122, 126; Mundy v. Louisville & N. Ry. Co., 67 Fed. 633.

By the acceptance and use of the logs, defendant waived any right to question the boom scale. Haase v. Nonnemacher, 21 Minn. 486; McCormick v. Kelly, 28 Minn. 135; Maxwell v. Lee, 34 Minn. 511; Thompson v. Libby, 35 Minn. 443; Thompson v. Libby, 36 Minn. 287.

*Albert Johnson*, for respondent.

If the scalers simply estimated the logs there was no competent scale made and it was proper for defendant to show that fact in defense, as bearing upon the correctness of the scale bill offered by plaintiffs. Pratt v. Ducey, 38 Minn. 517; Douglas v. Leighton, 53 Minn. 176. Scale bills are prima facie evidence only and they may be impeached for fraud or mistake. Leighton v. Grant, 20 Minn. 298 (345); Jesmer v. Rines, 37 Minn. 477; Antill v. Potter, 69 Minn. 192; Boyle v. Musser-Sauntry L., L. & Mnfg. Co., 77 Minn. 206; Vega Steamship Co. v. Consolidated Ele. Co., 75 Minn. 308; Cleveland Iron Mnfg. Co. v. Eastern Ry. Co., 75 Minn. 505.

BROWN, J.

Action to recover an unpaid balance of the purchase price of a quantity of pine saw logs sold by plaintiffs to defendant at $13 per

thousand feet. The case was tried without a jury, and the court found in favor of plaintiffs. From an order granting defendant's motion for a new trial, plaintiffs appealed.

The facts are substantially as follows: The firm of Walker & Akeley owned a quantity of pine saw logs in the northern part of the state, which were marked by a log mark "crab W." The logs were sold by that firm to plaintiffs, and driven down the Mississippi river to Minneapolis. In August, 1900, defendant applied to Walker & Akeley to purchase a few million feet of logs that were sure to come down the river in September following. Negotiations between them resulted in the purchase by defendant from these plaintiffs, through Walker & Akeley, of a million feet of such logs, with an option on two million feet; and the logs so owned by Walker & Akeley were the subject of this contract. Defendant agreed to pay therefor the sum of $13 per thousand feet, the same to be scaled at the St. Paul Boom by the surveyor general, or his deputy. The arrangement between the parties in reference to determining the quantity of logs delivered was oral, and the result of conversations between plaintiffs and witness Betcher, who represented defendant, a corporation. Plaintiffs wished the logs scaled at Minneapolis; Betcher insisted that they be scaled at the St. Paul boom; and it was finally agreed that they should be scaled in accordance with the latter's wishes. It is the claim of plaintiffs that according to the scale made at the St. Paul boom 1,060,420 feet of logs were actually delivered to defendant. Defendant paid on account thereof the sum of $9,781.39, and this action was brought to recover a balance of $4,135.65.

The answer interposed by defendant admitted the contract for the sale and delivery of the logs, but alleged in defense that not more than 910,940 feet were in fact delivered. At the trial below plaintiffs offered in evidence a scale bill made by the surveyor general, and by that it appeared that 1,060,420 feet of logs were delivered. Defendant offered to prove by a witness who made the scale—a deputy surveyor—that the surveyors were unable to scale the logs correctly in the St. Paul boom, and that a considerable portion thereof was estimated, and not measured at all; that all the logs scaled by the surveyor general were delivered to defend-

ant at Red Wing, its place of business, and upon an accurate rescale made at that place only 910,940 feet were in fact delivered. The trial court excluded this evidence on the theory that the scale made by the surveyor general was final and conclusive, except as to fraud or gross inaccuracy, and, as no fraud or gross mistake was shown or offered to be shown, the evidence was incompetent. On further consideration, however, the court concluded that the ruling was erroneous, and granted defendant's motion for a new trial.

The principal question before us is whether the scale made by the surveyor general, and relied upon by plaintiffs, was final and conclusive, except as to fraud or gross mistake. The contention of plaintiffs is that the scale was conclusive, and that the evidence offered by defendant for the purpose of showing a mistake, not being accompanied by an offer to show fraud or bad faith on the part of the surveyors, was inadmissible.

After a careful consideration of the matter and of the authorities bearing upon the question, we are unable to concur in this view. As a general rule, by a submission of a dispute or controversy to arbitration the parties are taken to have intended the arbitrator's award to be final and conclusive between them, and this whether they expressly so agreed or not. But the rule applies more particularly to the arbitration of disputes and controversies wherein the arbitrator exercises both ministerial and judicial functions, and not to ministerial acts alone, such as valuations, calculations, or measurements. As to the latter, the authorities do not seem to sustain the position that the decision of the person agreed upon to make measurements or calculations is final and conclusive, in the absence of an express stipulation to that effect, or unless an intention to be bound is fairly inferable from the terms of the agreement. The intention of the parties to be bound must appear either expressly or by fair implication. 2 Am. & Eng. Enc. (2d Ed.) 554, 556, and cases cited; Russell, Arb. 40. There was no express agreement in the case at bar making the scale of the surveyor general final and conclusive.

But it is the contention of appellant that, without a stipulation of that nature, the parties are bound, within the authorities, and

the scale made by the person selected is conclusive, except as to fraud or gross mistake. In the case of Leighton v. Grant, 20 Minn. 298 (345), cited in support of this contention, the court held that a scale made by the surveyor general or his deputy was final and conclusive between the parties, except as to fraud or gross mistake; but the contract there before the court contained an express stipulation to that effect. The same stipulation appeared in the contract involved in St. Paul & N. Ry. Co. v. Bradbury, 42 Minn. 222, 44 N. W. 1, in Langdon v. Northfield, 42 Minn. 464, 44 N. W. 984, and also in Boyle v. Musser-Sauntry L., L. & Mnfg. Co., 77 Minn. 206, 79 N. W. 659. There was no such stipulation, however, in Johnson v. Howard, 20 Minn. 322 (370), but the facts of that case fully warranted the inference that the parties intended to be bound by the measurements made by the referee agreed upon by them. It appeared that the defendant had a contract to furnish certain building stone for the government, and had agreed to submit measurements as to the quantity.of stone furnished to the government engineer in charge of the work. He sublet a portion of his contract to the plaintiff, and plaintiff agreed to accept the measurements made by such engineer. Defendant was paid by the government in accordance with the measurements of the engineer, and the parties intended that plaintiff's compensation should be measured by that received by defendant.

The case of Jesmer v. Rines, 37 Minn. 477, 35 N. W. 180, is also cited by appellants in support of their contention, but the precise question was not presented in that case. There the plaintiff sold to defendant a quantity of saw logs then in what the contract designated as the Dunham boom, and the agreement between the parties was that they were to be scaled in the Mudgett & Rines boom, at Princeton. The place of scaling was the question involved in that case, and whether the scale made was final and conclusive was not considered ·or decided. The court held simply that, as the parties had agreed that the scale should be made at the boom of Mudgett & Rines, they were bound by that agreement, and that that place was the proper one for the scale to be made.

There was no stipulation in the contract in the case at bar that the scale made by the surveyor general should be final; nor was·

the agreement between them such as to warrant the inference that they intended to be conclusively bound thereby. That officer was not agreed upon as an arbitrator or umpire to determine a disputed question as to the quantity of logs, for there was no dispute between the parties upon that question, but was designated simply as the person to make proper measurement as the logs passed through and out of the St. Paul boom. We must assume, in the absence of some language indicating a contrary intention, that in agreeing upon him as the person to make the measurements the parties had in mind the duties of that officer, and the effect given by the statutes to his performance thereof; and the court would not be warranted in giving greater effect to the scale or survey made by him than is given by the statutes defining such duties. Section 2397, G. S. 1894, provides that the scale made by the surveyor general or his deputy, when made at the instance of the owner of any logs, is prima facie evidence of its correctness; and the same force and effect is given by section 2400 to such scale when made in the performance of the duties of the surveyor general, whether made at the instance of the owner or not.

If the parties intended to give greater effect to the scale made by this officer, it should have been expressly so stipulated in their contract, or the intention to do so should fairly appear from the terms of their agreement. If we are right in this view, it follows that the scale made by the surveyor general was subject to correction for mistake, and it was unnecessary to show fraud or inaccuracy amounting to bad faith. His scale was prima facie evidence only of its correctness. For these reasons the trial court properly granted a new trial. Of course, the question whether the scale made by the surveyor general, or that subsequently made at the instance of defendant after the logs had reached Red Wing, was correct, is a question of fact for the jury to determine upon a consideration of all the evidence and all the facts shown.

The contention of appellants that by accepting the logs, sawing them into lumber, and disposing of them, defendant is estopped from disputing the correctness of the St. Paul scale, cannot be sustained. Whether its conduct in this behalf amounted to an acceptance of the logs, and estopped it from questioning the cor-

rectness of the scale relied upon by plaintiffs, was also a question of fact for the jury to determine. It appears from the evidence that, soon after the logs had been received, defendant informed plaintiffs that the survey at St. Paul was inaccurate, and demanded a rescale. In view of the facts shown, it was for the jury to say whether defendant was estopped.

Order affirmed.