## C. F. BISSETT v. BRYANT LUMBER COMPANY.

(Filed 4 October, 1911.)

Evidence, Corroborative—Tally-Book of Lumber—Computation by Witness.

In an action to recover the price of nine car-loads of lumber sold and delivered, the defendant contended that eight of the cars did not contain the quantity of lumber contended for by the plaintiff, and introduced, by the witness making it, a tally of the lumber as the cars were unloaded, this witness testifying that he tallied the lumber to a certain other witness, who was introduced: *Held* competent for the latter witness to figure up each piece and tell how much was in each car according to the tally made by B. (the former witness) and read over to him, and to say from the tally in the books how it corresponded with the testimony of B.; for the jury would not be permitted to take the books in the jury-room, and it would be impossible for them to carry the figures in their minds; and to make the computation on trial would unduly delay it.

APPEAL from *Peebles, J.,* at November Term, 1910, of WILSON.

This is an action to recover $164.66, alleged to be due for nine cars of lumber sold by the plaintiff to the defendant.

Eight cars of the lumber were shipped by rail to the mill of the defendant, and one car was shipped elsewhere.

The principal controversy between the parties was as to the quantity of lumber in the shipment of eight cars, the defendant claiming it was 10,669 feet less than the quantity claimed by the plaintiff.

The plaintiff offered evidence tending to prove that the lumber was measured and counted as it was placed on the cars, and that the full amount claimed by him was delivered.

In rebuttal the defendant introduced J. W. Burnette, who testified that he was employed by the defendant at the time the lumber was received from plaintiff, and that it was his duty to tally and measure the lumber received by the defendant; that he measured and tallied each car of lumber received from plaintiff as the lumber was taken from the car, except the one car sold at $11, which was not unloaded at the mill of the defend-

ant; that the aggregate amount of lumber taken from the eight cars measured and tallied by him was 85,638 feet; that each piece of lumber taken from the car was measured and tallied on the books produced by the witness and put in evidence by the defendant. Witness stated that he called off from the tally of said lumber made off said books the amount of each piece of lumber so measured and tallied by him to W. W. Briggs, and that he and Mr. Briggs worked up the amount of lumber taken from the tally made by witness, and that the amount aggregated 85,638 feet; that the tallies on the books offered in evidence showed all the lumber received from plaintiff by defendant (not taking into account the car which was not counted at the mill, but was shipped elsewhere without being unloaded), save and except less than 1,000 feet which was less than four inches wide (the contract calling for more than four inches), or that had so much bark on it that it was not merchantable.

The defendant offered W. W. Briggs as a witness. He testified that he had been over the figures in the tally-book with Burnette, and had worked out the amount of lumber according to the tally, but that he had no recollection of the amount, independent of the book, which was in the handwriting of Burnette and was in evidence. He was then asked to state how the figures, as he worked them out, compared with the figures testified to by Burnette. Upon objection, the court would not permit the witness to answer.

The tally-book was handed to the witness with the request "to figure up each piece and tell how much was in each car according to the tally made by Burnette, and read over to him, and say from the tally in the books how it corresponded with the testimony of Burnette." His Honor excluded this evidence, and the defendant excepted.

There was a judgment for the plaintiff, and the defendant appealed.

*Pou & Finch for plaintiff.*
*Daniels & Swindell for defendant.*

ALLEN, J., after stating the case: In our opinion, the evidence excluded by the court was important and material.

The evidence of the quantity of lumber on the cars at the mill was not conclusive as to the quantity shipped by the plaintiff, but it was a fact which, if established according to the defendant's contention, would have been entitled to consideration by the jury.

The witness Burnette had testified that he counted and measured the lumber on the cars, and that it aggregated 85,638 feet.

There were eight cars of the lumber, necessarily of various sizes and dimensions, and the plaintiff was contesting the correctness of the count. When the quantity of lumber is considered, it is apparent that it was impossible for the jurors to remember the tallies of lumber as they were read from the book, and to make their own calculations from memory, and it has been held by us in *Nicholson v. Lumber Co., ante,* 59, that his Honor, who presided at the trial, did not have the right to permit the jury to take the book to their room.

If, therefore, the defendant could not introduce a competent witness and let him make the calculations and give the result to the jury, it would have to rely entirely on the evidence of Burnette.

The evidence throws light upon the question in issue, and tends to corroborate the statement of the defendant's witness as to the correctness of his calculations.

A similar question was considered by the Supreme Court of Maryland in *Lyon v. Cumberland,* 77 Md., 459, and the Court there says: "It would have been impossible for the jury to carry these figures in their minds if they had been merely read off by the witness to them; and had the jurors undertaken to transcribe them for the purpose of adding them up themselves, the trial would have been greatly and needlessly protracted."

Also, in *Chicago v. Sheer,* 8 Ill. App., 370: "It is further objected that the court erred in allowing a witness to make a computation and testify as to the amount of interest due. This objection is without any force. The evidence is admitted merely to aid the jury in making a more speedy computation,

and thereby to facilitate the dispatch of business. The jury are not bound by the computation thus made by the witness, as it seems they were not in the present instance, but are themselves to ultimately determine what is the true amount of the plaintiff's damages."

There are other exceptions in the record, which we need not consider, as they are not likely to arise on another trial.

There must be a

New trial.