# V. M. OWEN v. J. NEILS LUMBER COMPANY.[1]

February 13, 1914.

Nos. 18,469—(255).

**Contract to cut logs — scale as evidence — failure to perform.**

A contract provided that plaintiff should cut and deliver all the timber on land on which defendant owned the stumpage rights, that would make logs of a specified size, and that plaintiff should pile and burn the brush. It further provided that the contract price should be $4.50 per thousand feet, payable as follows: $2.00 per M the fifth day of each month for the logs cut the previous month, $2.00 per M when all the timber was cut and delivered, and the balance of fifty cents when the brush was burned. It was provided that the scaling should be done by a scaler appointed by defendant. It is *held:*

(1) The scale made by the scaler appointed by defendant was not binding and conclusive upon the parties, in the absence of some stipulation to that effect in the contract. It was at most prima facie evidence of the correctness of the measurements therein. The evidence was sufficient to justify the jury in finding that the scale was not correct, and that a subsequent scale made at the instance of plaintiff by a deputy surveyor general was correct. There was no error in the instructions on this point.

(2) Plaintiff did not pile or burn the brush as required by the contract. It is *held* that he cannot recover the price agreed upon as the value of such work, although justified in not performing his contract in this respect.

(3) The evidence justified the verdict in regard to an offset claimed by defendant for the failure of plaintiff to cut all the timber on the land.

Action in the district court for Cass county to recover $3,800. The facts are stated in the opinion. The case was tried before Stanton, J., and a jury which returned a verdict for $3,200 in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Affirmed on condition plaintiff consent to a reduction of the verdict to the sum of $2,085.95 and interest.

*Daniel DeLury,* for appellant.

*E. E. McDonald,* for respondent.

[1]Reported in 145 N. W. 402.

BUNN, J.

Defendant owned the timber on a tract of land in Beltrami county. In July, 1910, it entered into a written contract with plaintiff, by the terms of which plaintiff agreed to cut and deliver in North Turtle river, during the season of 1910 and 1911, "all of said timber that will make a saw-log twelve feet long and six inches in diameter at the small end and over." Defendant agreed to pay for this work $4.50 per thousand feet; $2 per M of this to be paid the fifth day of each month for all logs landed the previous month, $2 when the timber was all cut and delivered, and "the balance of fifty cents per M feet when the brush is burnt." It was stipulated in the contract that plaintiff should "pile and burn the brush in accordance with the state law." It was provided that "the scaling shall be done by a scaler appointed by the first party" (the defendant).

Plaintiff proceeded to perform his contract and between November 1, 1910, and April 15, 1911, cut and delivered to defendant logs which, according to the scale made by the scaler appointed by defendant, the head-sawyer in its mill at Cass lake, amounted to 1,959,- 690 feet. Defendant paid plaintiff the sum of $6,227.92.

This action was to recover the balance of the contract price. The complaint alleged that plaintiff cut, hauled and delivered 2,228,450 feet of saw-logs, which at the agreed price of $4.50 per M amounted to $10,028.02, admitted the payment of $6,227.92, and demanded judgment for the balance, $3,800.10, with interest. The answer set out the terms of the contract, alleged that the logs so cut and delivered were scaled by a scaler appointed by defendant, and that the scale amounted to 1,959,960 feet and no more, and that plaintiff, contrary to the terms of the contract, totally failed to pile or burn the brush. As a counterclaim defendant alleged that plaintiff failed and neglected to cut all the timber on the land, but left 143,000 feet that would make logs of the specified size; that defendant's right to cut and remove this timber expired in June, 1912, and because of this, and the impracticability of driving such a small lot of logs, the timber so left was wholly lost to defendant, to his damage in the sum of $2,696. It is alleged that defendant had overpaid plaintiff the sum of $104.10, but judgment was not asked for this sum. The

issues were tried to a jury, and a verdict returned for plaintiff in the sum of $3,200.10, "with interest." Defendant appealed from the order denying its motion for a new trial.

As we understand it, defendant makes three principal contentions as reasons why the verdict should not stand: (1) The scale made by the scaler appointed by defendant should govern; (2) the verdict is excessive, because it does not allow defendant fifty cents per thousand for plaintiff's failure to pile and burn the brush; (3) it is excessive, because it does not allow defendant the damages claimed by reason of plaintiff's alleged failure to cut all the timber.

1. The contract provided that the scaling should be done by a scaler to be appointed by defendant. It did not provide that this scale should be binding or conclusive on the parties. Passing any question of the fairness or propriety of defendant's acting as a judge in its own cause, it is settled in this state that such a provision does not bind the parties to accept the scaler's measurements as final and conclusive. Nelson v. Charles Betcher Lumber Co. 88 Minn. 517, 93 N. W. 661; Fortier v. Skibo Timber Co. 111 Minn. 518, 127 N. W. 414. At most, the scale made by defendant's head-sawyer was prima facie evidence of the correctness of his measurements. It was open to plaintiff to rebut this prima facie case by evidence tending to show fraud or mistake, or the incorrectness of the scale. This seems to be conceded by defendant. Its contention really is that the evidence was insufficient to warrant the jury in finding that the first scale was incorrect, or that the scale made later by deputies from the surveyor-general's office at plaintiff's instance was right. We have examined the evidence, and our conclusion is that the question was for the jury, and that the verdict in this respect is amply supported. There was no error in the charge, because the court did not expressly say that the first scale was prima facie correct. The jury was clearly told that the burden of proof was on plaintiff.

2. The contract provided that plaintiff should pile and burn the brush "in accordance with the state law," and that fifty cents per thousand feet should be paid "when the brush is burnt." It was conceded that plaintiff did not pile or burn the brush. It was claimed by him that it was not practicable to do so, and evidence was re-

125 M.—2.

ceived tending to sustain this claim. The court instructed the jury that, at the time the contract was entered into, the state law provided that "any person or corporation who cuts or fells or causes to be cut and felled timber or wood or trees of any kind for commercial purposes, shall pile and  *  *  *  burn the slashings; said burning shall be done as soon as practicable at a time when it can be done without danger and before the first day of May next following" (Laws 1909, p. 203, c. 182, § 1787d); that this law was repealed April 12, 1911 (Laws 1911, p. 160, c. 125, § 28); that it was in force at the time the timber in this case was cut, but that after April 12, 1911, there was no duty devolving upon plaintiff or upon any person to burn the slashings. It was left to the jury to decide whether it was practicable for plaintiff to pile and burn the slashings before April 12, 1911, the court instructing that, if it was, defendant was entitled to a credit of 50 cents per thousand feet, but, if it was not practicable, plaintiff was entitled to recover the entire contract price. The amount of the verdict was $600 less than plaintiff would have been entitled to, assuming that the jury accepted his scale and made no deduction for timber not cut. But the 50 cents per thousand for failing to pile and burn the brush, adopting plaintiff's scale, would amount to something over $1,100. If we assume, therefore, that the $600 deduction made by the jury was on this account, it was not enough. It may have been an allowance for the timber left standing by plaintiff, or it may have been in the nature of a general discount of plaintiff's claim.

We are obliged to hold that plaintiff was not entitled to recover this 50 cents per thousand feet. Construing the provisions of the contract together, we think it fairly appears that, of the $4.50 per thousand to be paid plaintiff, 50 cents per thousand was as compensation for piling and burning the brush. It is expressly provided that this 50 cents shall not be paid until the brush is piled and burned, and the evidence shows that this work was reasonably worth between 40 and 60 cents per thousand. Laws 1911, p. 160, chapter 125, repealed the act of 1909, requiring slashings to be piled and burned, and substituted instead a provision, leaving the disposition of slashings and débris from the cutting of timber to the judgment of the

state forester. Section 15.[1] It provides that whenever, in the judgment of that official, there is or may be danger of starting and spreading fire from the cutting of any timber, the state forester will notify the person or corporation by whom the timber has been or is being cut, ordering them to dispose of the slashings and débris as he may direct. A penalty is provided for the failure to comply with the instructions of the state forester in this regard.

It is therefore correct that after April 12, 1911, no duty devolved upon plaintiff or defendant to pile and burn the slashings and débris from the cutting of this timber, in the absence of a notice to do so given by the state forester, and it is fairly clear that the law contemplates that the slashings shall not be burned in the absence of such notice. But this, it seems to us, does not mean that plaintiff can recover the price agreed upon for piling and burning the brush. That he was relieved from the duty of performing his contract in this respect, whether by the change in the law or by reason of the impracticability of performance, would be a material consideration, if defendant was seeking to defeat all recovery on the contract because of nonperformance of one of its provisions, but we are unable to see how this consideration will permit plaintiff to recover for work not done. Again, the state forester may order defendant to burn or otherwise dispose of the slashings and débris. If he does so, defendant will be obliged to stand the cost of such work. If plaintiff did the work for defendant, he would be entitled, under his contract, to the 50 cents per thousand. We hold that the verdict is excessive to the extent of 50 cents per thousand on the 2,228,450 feet of logs cut and delivered, or $1,114.25.

3. In reference to the claim that defendant was entitled to an offset, because plaintiff did not cut all the timber on the land, it is sufficient to say that the verdict may be construed as allowing $600 for this. If this is correct, the evidence being conflicting as to the amount and value of the timber left standing, we think that the jury was justified in not making a larger deduction. There is also evidence tending to show a waiver by defendant of the provision that plaintiff should cut all the timber.

The order is affirmed on condition that plaintiff, within 10 days

[1] [Laws 1911, p. 157.]

after the remittitur to the district court, file his consent to a reduction of the verdict to the sum of $2,085.95, with interest. In case such consent is not so filed, the order is reversed and a new trial granted.