GEORGE KREUZER v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 27, 1902.

Nos. 13,054—(177).

**Personal Injury—Evidence.**

Evidence considered in a personal injury case, and *held* that the defendant was not entitled to judgment notwithstanding the verdict.

Appeal by defendant from a judgment of the district court for Otter Tail county, Searle, J. Affirmed.

[1] Reported in 91 N. W. 27.

87 M.—3

*W. E. Dodge* and *J. W. Mason*, for appellant.

*Charles C. Houpt* and *Parsons & Brown*, for respondent.

START, C. J.

Action to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of the defendant's negligence.

When the case was before the court on a former appeal (see 83 Minn. 385, 86 N. W. 413), we held that the defendant was not entitled to judgment notwithstanding the verdict, and affirmed the order of the trial court denying a motion for judgment, but granting a new trial. The second trial resulted in a verdict in favor of the plaintiff for $3,500, and the defendant moved the court for judgment notwithstanding the verdict, but did not ask, and does not ask, the alternative relief of a new trial. The motion was denied, and judgment entered upon the verdict, from which the defendant appealed.

The only question presented by the record for consideration is whether, as a matter of law, the defendant was entitled to a judgment in its favor upon the pleadings and evidence. The issues made by the pleadings were stated in the opinion on the first appeal, and they need not be here restated, except to say that the specific act of negligence charged in the complaint was that the defendant, by its road master, negligently overweighted the roof of the car with men ordered upon it, which caused it to sag and press upon the plaintiff, who was inside the car, whereby he was injured. Unless there is evidence in the record fairly tending to establish this particular charge of negligence, the defendant is entitled to judgment in his favor. But if the evidence furnishes a reasonable basis for satisfying the minds of the jury that the defendant was negligent as alleged, and that it was the proximate cause of the plaintiff's injury, it is sufficient to sustain the verdict. The conclusion, however, must not rest on mere conjecture. The court, in its former decision, did not, as counsel seem to infer, hold that the evidence before it was insufficient to sustain a verdict for the plaintiff. The court simply held that the evidence was not entirely clear as to the cause of the roof of the car sagging, hence

it was not conclusive on that point, and passed to the consideration of the question whether the work in which the plaintiff was engaged when he was injured involved an element of hazard peculiar to the business of railroading, and held that this was a question for the jury. In short, the question decided by the court was whether the defendant, as a matter of law, was entitled to judgment in its favor, and not the question whether the verdict was or was not sustained by the evidence, within the rule of Hicks v. Stone, 13 Minn. 398 (434).

If, then, as seems to be claimed, the evidence on this appeal is substantially the same as it was on the former one, and the defendant was not then entitled to judgment notwithstanding the verdict, it is not now so entitled. But we do not rest our conclusion on this appeal that the defendant is not entitled, as a matter of law, to judgment in its favor, upon any such narrow ground. We have examined the record on this appeal, and attentively considered it, and reached the conclusion that the evidence fairly tends to show that the defendant was negligent in overweighting the roof of the car, and that it was the proximate cause of the plaintiff's injury. It is not necessary that the evidence should make it entirely (that is, completely) clear that the injury was so caused, and not otherwise. It is sufficient to sustain the verdict if the evidence takes the case out of the realm of conjecture, and fairly justifies the inference that the negligence charged was the proximate cause of the injury complained of. We are of the opinion that it does.

Judgment affirmed.