# H. A. DREVES COMPANY v. NORTHERN COLD STORAGE AND WAREHOUSE COMPANY.[1]

December 8, 1916.

Nos. 19,970—(122).

**Warehouseman — liability of defendant sustained by evidence.**

>Plaintiff stored with defendant a quantity of Finnish silakka. When taken from storage it was spoiled. The evidence is sufficient to sustain a finding that the silakka was spoiled while in storage, and that the injury was caused by the manner in which it was handled by defendant.

Action in the district court for St. Louis county to recover $786.25 for negligence in caring for certain drums of silakka while in cold storage in defendant's warehouse. The answer denied the allegation of negligence and for a counterclaim alleged that plaintiff was indebted to defendant in the sum of $116.48. The case was tried before Fesler, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $246.03 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Crassweller, Crassweller & Blu,* for appellant.

*John H. Norton* and *Kenny & Kenny,* for respondent.

HALLAM, J.

Plaintiff is an importer and dealer in fish. Defendant operates a storage warehouse in Duluth. In November, 1913, plaintiff stored with defendant a quantity of Norwegian herring, a quantity of Holland herring and a quantity of Finnish silakka, a fish caught on the Finland shores of the Baltic sea. The silakka was dry salted and packed in air tight drums. In December, 1913, plaintiff gave instructions to "rebrine" the herring, and to recooper the drums of silakka and put on dry salt. Instead of doing this, defendant "brined" both the silakka and the her-

[1] Reported in 160 N. W. 200.

ring. As soon as plaintiff learned that the silakka had been brined it instructed defendant to draw off all brine and put on dry salt. The brine was drawn off and the dry salt applied at a time about 10 days after the brining had been done. During the next fall it was discovered that a large part of the silakka had spoiled. Plaintiff sues, contending that the damage was caused by defendant's conduct in applying brine and in not properly applying salt after the brine had been drawn off. The jury found for plaintiff. Defendant appeals.

There is no question that there is sufficient evidence that the defendant brined the silakka contrary to instructions. There is no doubt that the silakka spoiled. The question is, did the acts of defendant cause the damage? The jury found that they did. The one question on this appeal is whether the evidence is sufficient to sustain this finding. It is not necessary that the relation of cause and effect be proven with entire certainty. It is sufficient if the evidence fairly justifies the inference that defendant's acts caused the damage. Kreuzer v. Great Northern Ry. Co. 87 Minn. 33, 91 N. W. 27.

The evidence is that silakka is caught and prepared for market in the fall of the year, and that it is customary to keep it in storage to supply the market until the next season's catch is ready. There is evidence that if it is properly packed and stored it will keep for two years in good condition. The contents of these drums were not examined when stored, and there is no direct evidence as to their manner of packing, or their condition when packed, for they were packed in Finland. The evidence shows, however, that a somewhat larger amount from the same shipment was sold on arrival by plaintiff to the Booth Fisheries Company, and this was in prime condition. Some packages sold by plaintiff from storage during the spring and summer of 1914 likewise proved to be in good condition. In September, 1914, packages sold from storage proved bad, although the goods which had been delivered to the Booth Company were some of them sold by that company as late as October, 1914, and were still sound. The following spring the remaining packages were opened and at that time were found to be entirely spoiled, with the exception of one package. This package showed evidence of never having been brined, and it was still in good condition. There is some evidence that the application of brine to silakka which has been dry packed has the effect of dissolving the

salt, and there is evidence that the application of salt made after the brine was drawn off was not sufficient.

The testimony is by no means conclusive, but it was such that the jury might find that the silakka was spoiled while in storage, and that the injury was caused by the acts of defendant.

Order affirmed.