## A. J. O'LAUGHLIN AND ANOTHER v. ST. ANTHONY & DAKOTA ELEVATOR COMPANY.[1]

March 2, 1923.

No. 23,159.

Bailment—scale ticket and certificate of state inspector as to dockage admissible.

Plaintiffs stored flax in defendant's elevator to be kept in a bin by itself and received from the agent in charge a statement of the dockage when delivered at the elevator. *Held* that such statement was admissible in evidence in an action for negligently mixing wheat and other seeds with the flax while in storage. *Held* further that the certificate of the state inspectors of the dockage in the flax when redelivered to plaintiffs was prima facie evidence thereof. *Held* further that the verdict is sustained by the evidence.

Action in the district court for Clay county to recover $1,080 for damage to a quantity of flax stored in defendant's elevator. The case was tried before Nye, J., who when plaintiff rested denied defendant's motion to dismiss and at the close of the testimony denied its motion for a directed verdict, and a jury which returned a verdict for $483.39. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Hiram A. Libbey* and *Christian G. Dosland*, for appellant.
*Charles S. Marden* and *Garfield H. Rustad*, for respondents.

TAYLOR, C.
In February and March, 1919, plaintiffs delivered about 2,200 bushels of No. 1 flax to defendant to be stored in its elevator at Georgetown, and defendant agreed to keep it in a bin by itself separate from all other grain. Soon thereafter plaintiffs disposed of and removed a portion of the flax, leaving 1,503 bushels in the elevator. Two or three months later, they directed defendant to ship the remaining 1,503 bushels to Minneapolis. Defendant loaded 1,350

[1]Reported in 192 N. W. 356.

bushels into one car and placed the remaining 153 bushels in another car with other flax. When the carload reached Minneapolis it was inspected by the state inspectors who issued a certificate to the effect that it graded No. 1, that it contained 4 per cent of wheat, and that the dockage was 13½ per cent. The 153 bushels in the other car was docked 15½ per cent.

Plaintiffs, alleging that wheat, foul seed and dirt had been mixed with the flax through defendant's negligence, brought this action for damages and recovered a verdict. Defendant appealed from an order denying its alternative motion for judgment or a new trial.

Defendant contends that the verdict is not sustained by the evidence, and that the court erred in its rulings on the admission of evidence.

Plaintiffs presented evidence to the effect that when the flax was delivered at the elevator it contained no wheat, and that the only dockage consisted of chaff, pieces of stems and broken seed pods; that it was delivered by plaintiff O'Laughlin who requested the elevator agent to inspect every load for the information of plaintiff Upfer who had an interest in it and was not there; and that the agent did inspect it. In connection with this testimony, plaintiffs put in evidence a scale ticket, made out by the agent when the flax was delivered, on which he had noted the dockage as three pounds per bushel. Defendant insists that, as the flax was received for storage to be redelivered to plaintiffs in the same condition as received, the elevator agent had no authority to inspect it or to determine the amount of dockage; and that the court erred in receiving his statement in evidence. The agent was defendant's representative in taking the property into its possession as bailee; and we think his written statement, given to the bailors as a part of that transaction, was admissible in evidence as bearing on the condition of the property when received. It was not conclusive.

The only evidence of the condition of the flax when redelivered by defendant was the certificate of the state inspector, which showed 4 per cent of wheat and a dockage of 13½ per cent in the carload, and a dockage of 15½ per cent in the remainder. Defendant contends that the certificate showing the condition of the flax in the carload

was not admissible in evidence, for the reason that defendant had not asked for the inspection, did not own the flax inspected, and was neither buying nor selling it. This contention cannot be sustained. The statute makes such certificates prima facie evidence of the facts required to be stated therein, and does not restrict their force as evidence to controversies between the immediate parties concerned in the inspection. G. S. 1913, §§ 4458, 4463; Vega S. S. Co. v. Consolidated Elev. Co. 75 Minn. 308, 77 N. W. 973, 43 L. R. A. 843, 74 Am. St. 484; St. Anthony & D. Elev. Co. v. Great Northern Ry. Co. 127 Minn. 299, 149 N. W. 471; Carnegie D. & F. Co. v. Midland L. & C. Co. 148 Minn. 438, 182 N. W. 515.

Defendant further contends that there is no evidence from which the jury could find that wheat or foul seed had become mixed with the flax through its negligence. There is no direct evidence of any act of negligence on defendant's part. But, when the flax was shipped out of the elevator, the state inspectors found that it then contained about two and a half times the amount of dockage found by defendant's agent when he received it. They also found that it then contained 4 per cent of wheat, and the evidence is that it contained no wheat whatever when delivered to defendant. It also appears that while the flax was in the elevator defendant changed elevator agents; that when this change was made all the grain in the elevator, including this flax, was weighed; and that, in weighing it, the grain was run from the bin in which it was stored into bin No. 1 and from that into the scale hopper, and was then run back to the bin from which it had been taken. It also appears that it was possible for other grain to be accidently turned into the spout leading to the bin containing the flax. The evidence was sufficient to make the question whether wheat and other foreign material had become mixed with the flax through defendant's carelessness a question for the jury. H. A. Dreves Co. v. Northern C. S. & W. Co. 135 Minn. 63, 160 N. W. 200; Lebens v. Wolf, 138 Minn. 435, 165 N. W. 276, L. R. A. 1918C, 868.

Order affirmed.